ROGERS, J.
 

 Plaintiff sued to recover the amount of certain taxes paid by it, alleging that the contractual obligation of the defendant was to make said payment. The defendant admitted plaintiff had paid the taxes, but denied liability therefor on the ground that plaintiff was indebted to it in a sum largely in excess of the amount paid. The judgment was for plaintiff, and defendant appealed.
 

 In October, 1918, the parties litigant entered into a written contract for the sale and purchase of certain standing timber owned by plaintiff. As part of the purchase price, defendant agreed to pay the taxes on the timber and land. It also agreed to pay for not • less than 500,000 feet of timber each month, under the penalty, in the event of its failure to do so, of maturing the balance on the purchase price or of the cancellation of the contract by plaintiff upon 60 days’ notice.
 

 The defendant defaulted on the contract, and, in December, 1922, was, indebted to plaintiff in a sum exceeding $90,000 on past-due monthly installments and interest. At this time, after some negotiation, a supplemental contract was entered into between the parties, to which the Merchants’ & Farmers’ Bank & Trust Company also became a party, that modified to some extent the original agreement, but not to the extent of relieving the defendant of its obligation to pay all taxes on the timber and land embraced in said agreement.
 

 Defendant contends that it does not owe plaintiff the amount paid for taxes, which were for the year 1923, because in December,-1922, plaintiff owed it $14,357.62 on account of its overpayments and interest thereon under the original contract. This defense is, patently, an afterthought. If there were any merit in the contention, defendant would not have admitted its default by entering into the supplemental contract of December, 1922. The obligation of defendant under the original contract was to pay plaintiff not less than $2,500 per month? whether 'the value of the timber cut reached that amount or not. In neither of the agreements between the parties is the right of the defendant recognized
 
 to
 
 pay for the timber only' as cut, and not at the rate of 500,000 feet per month, irrespective of the quantity cut. The supplemental and amended co.ntract relates entirely to the future and sets forth the manner in which defendant’s indebtedness to plaintiff is to be extinguished. It contains no acknowledgment of any overpayment by defendant nor any provision authorizing defendant to apply any overpayment to the payments accruing under its terms.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.